THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EARL C. VOILES, III,
ANTHONY MAXWELL,
GEORGE PUGA,
PHILLIP GALLEGOS,

      Plaintiffs,

v.                                                                                       No. Civ. 14-428 JCH/KK
                                                                                              No. Civ. 14-440 JCH/KK
                                                                                             No. Civ. 14-441 JCH/KK
                                                                                              No. Civ. 14-442 JCH/KK

STATE OF NEW MEXICO DEPARTMENT OF PUBLIC SAFETY; and
STATE OF NEW MEXICO LAW ENFORCEMENT ACADEMY; and
GORDEN E. EDEN, JR. (Former Cabinet Secretary, Department of Public Safety),
in his individual and official capacity; and
PATRICK MOONEY (Deputy Cabinet Secretary, Department of Public Safety),
in his individual and official capacity; and
LOUIS MEDINA (Director of New Mexico Law Enforcement Academy),
in his individual capacity and official capacity; and
JACK JONES (Deputy Director of New Mexico Law Enforcement Academy),
in his individual and official capacity;
MARK SHEA (Advanced Bureau Chief at New Mexico Law Enforcement Academy),
in his individual and official capacity; and
WILLIAM HUBBARD (Interim Director of New Mexico Law Enforcement Academy),

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      Defendants State of New Mexico Department of Public Safety ("DPS"), Gordon E. Eden, Jr., Patrick Mooney, Jack Jones, Mark Shea, and William Hubbard (collectively, "Defendants") filed a Motion to Dismiss Counts 4, 6, 8, 13 and 15 of Plaintiffs' Consolidated Complaint (ECF No. 78), arguing that Plaintiffs have failed to state claims in those counts because no waiver of sovereign immunity exists as to those claims. The Court, having considered the pleadings,

motion, briefs, relevant law, and otherwise being fully advised, concludes that the motion to dismiss should be granted in part and denied in part as described herein.

## I. FACTUAL BACKGROUND

Plaintiffs Earl C. Voiles, III, Anthony Maxwell, George Puga, and Phillip Gallegos, at all relevant times employees of the State of New Mexico's Law Enforcement Academy (the "Academy"), allege in their Consolidated Complaint that they suffered various acts of retaliation by Defendants stemming from complaints they made to Defendants about the poor conditions in the Academy's dormitory and cafeteria, deficiencies with the Academy curriculum and course instruction material, and discrepancies found in the inventories of Academy property, including equipment, vehicles, supplies, and firearms. *See* Consolidated Compl. ¶¶ 2-5, 14-130, ECF No. 25. Plaintiffs assert claims for negligence and whistleblower retaliation (Counts 1-3), conspiracy to retaliate in violation of the Whistleblower Protection Act (Count 13), deprivation of the constitutional rights of freedom of speech and association (Count 14), intentional infliction of emotional distress (Count 15), and negligent hiring, training and supervision of Defendants Eden, Mooney, Medina, Jones, and Shea (Count 16). *See id.* 4-42. Plaintiff Maxwell additionally alleges against all Defendants a claim for "Wrongful Termination" (Count 4) and against Defendants Jones, Eden, and Mooney a claim for Defamation (Count 5). *Id.* 20-24. Plaintiff Puga asserts claims for "Constructive Discharge" (Count 6) and "Violation of Due Process" (Count 7). *Id.* at 25-28. Plaintiff Gallegos alleges Defendants wrongfully terminated him (Count 8), violated his due process rights (Count 9), and defamed him (Count 10). *Id.* at 28-34. In addition, Plaintiff Voiles asserts claims for "Violation of Due Process" (Count 11) and "Negligence and Whistle Blower Retaliation" (Count 12). *See id.* at 34-38.

## II. STANDARD

While Federal Rule of Civil Procedure 8(a)(2) requires only that a Plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief," it nonetheless requires the plaintiff to make factual allegations that "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation and alteration omitted). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice to allege a claim that can survive a motion to dismiss under Rule 12(b)(6). *See id.* A complaint must set forth factual allegations that "raise a right to relief above the speculative level." *Id.* When reviewing a plaintiff's complaint in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court must accept all well-pleaded allegations as true and view them in the light most favorable to the plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A court "will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

## III. ANALYSIS

### A. Counts 4 and 8: Wrongful Termination

In Count 4, Plaintiff Maxwell asserts he "was terminated, in violation of the Whistleblower Protection [A]ct," for investigating and disclosing issues related to the Academy curriculum, missing firearms and equipment, and for either drafting or participating in the creation of memos to Defendants Eden, Mooney, Medina, Jones and Shea. Consolidated Compl. ¶¶ 139-40, ECF No. 25. Similarly, Plaintiff Gallegos alleges in Count 8 that he "was terminated,

3

in violation of the Whistleblower Protection [A]ct," for investigating and disclosing issues related to the Academy curriculum and the missing firearms and equipment, for drafting or participating in the creation of memos, for refusing to alter legally notarized documents, for refusing to "teach the test," and for recommending disciplinary actions against Defendant Mooney's son. *Id.* ¶¶ 201-03.

Defendants assert that there is no waiver of immunity within the New Mexico Tort Claims Act ("NMTCA"), N.M. Stat. Ann. § 41-4-1 *et seq.*, for claims of wrongful termination. They acknowledge, however, that Plaintiffs Maxwell and Gallegos reference the New Mexico Whistleblower Protection Act, N.M. Stat. Ann. § 10-16C-1 *et seq.*, in Counts 4 and 8, but note that the "significance of this reference is not clear, as Plaintiffs have separately pled identical claims under the Whistleblower Protection Act at Counts 1-3." Defs.' Mot. 2-3 n.1, ECF No. 78. Defendants request dismissal of these claims "[t]o the extent Plaintiffs are asserting independent claims for wrongful termination in Counts 4 and 8." *Id.*

Plaintiffs respond that the "Whistleblower Protection Act allows for claims of wrongful termination" against public employers. Pls.' Resp. 3, ECF No. 84. Defendants do not appear to contest this point. Indeed, the New Mexico Whistleblower Protection Act ("WPA") defines a "retaliatory action" as "taking any discriminatory *or adverse employment action* against a public employee in the terms and conditions of public employment." N.M. Stat. Ann. § 10-16C-2(D) (2010) (emphasis added). Section 10-16C-4(A) expressly permits an employee to bring an action against a "public employer that violates the provisions of the Whistleblower Protection Act" in "any court of competent jurisdiction." N.M. Stat. Ann. § 10-16C-4(A). Consequently, the Court will deny Defendants' motion to dismiss Plaintiff Maxwell's and Gallegos' claims for wrongful termination in Count 4 and Count 8 that are based on the Whistleblower Protection Act. *Cf.*

*Flores v. Herrera*, 2015-NMCA-072, ¶ 21, 352 P.3d 695 ("Because Mr. Flores's and Mr. Vildasol's claims against Ms. Herrera are premised upon her alleged misconduct in office, namely, the act of terminating their employment in retaliation for their whistleblowing activities, Ms. Herrera was properly named individually as a defendant and sued in her personal capacity in their lawsuits."), *cert. granted*, (June 19, 2015).

In their response, Plaintiffs also argue that Defendants are law enforcement officers, Section 41-4-12 of the NMTCA waives immunity for law enforcement officers who cause a deprivation of rights secured by the United States and New Mexico Constitutions and New Mexico law, and "Count 14 of Plaintiffs' Consolidated Complaint claims violations of Plaintiffs' rights of freedom of speech and association under the Constitutions of the United States and New Mexico." Pls.' Resp. 3, ECF No. 84. Accordingly, Plaintiffs argue "[t]his prohibition of retaliation against violation of freedom of speech was this basis of New Mexico's Whistleblower Protection Act." *Id.* The Court need not address Plaintiffs' alternative argument that Section 41-4-12 waives liability as to the claims in Counts 4 and 8, because the Court concludes that Counts 4 and 8 only allege unlawful termination in violation of the WPA, and Plaintiffs have not met their notice pleading obligations under Rule 8 to state a separate wrongful termination claim apart from the WPA. To the extent that Plaintiffs Maxwell and Gallegos are attempting to assert a wrongful termination claim in Counts 4 and 8, respectively, on the basis of a provision of law other than the WPA or on common law, the Court will grant Defendants' motion to dismiss for failure to state any such claim under Rule 12(b)(6) and for failure to meet their notice pleading obligations under Rule 8.

Finally, Defendants argue that Counts 4 and 8 should be dismissed because Counts 1-3 allege independent claims under the WPA, but the WPA does not permit them to "maintain a

standalone cause of action in the form of a claim for wrongful termination." Defs.' Reply 3, ECF No. 95. The Court recognizes that Plaintiffs Maxwell and Gallegos have also brought Whistleblower claims in Counts 1-3. The Court, however, is not convinced that Counts 4 and 8 should be dismissed at this time. Counts 4 and 8 are WPA claims, like Counts 1-3, but Counts 4 and 8 are based on the adverse action of wrongful termination, while Counts 1-3 may be construed as involving separate adverse actions occurring prior to Plaintiff Maxwell's and Gallegos' respective terminations. Should it become apparent at summary judgment or trial that Counts 4 and 8 are identical to Counts 1, 2, and/or 3, the Court may dismiss the duplicative counts at that time or draft the jury instructions and verdict form to avoid any unnecessary duplication, confusion, or issues of double recovery.

### B.     Count 6: Constructive Discharge

In Count 6, Plaintiff Puga asserts he was forced to resign his position after the conditions at work became oppressive following his and his co-plaintiffs' efforts to raise awareness of Academy problems and issues and his continued association with Plaintiff Maxwell. *See* Consolidated Compl. ¶¶ 158-180, ECF No. 25. Plaintiff Puga contends: "Defendants' actions as detailed above, including but not limited to the continued threats of termination, violations of Plaintiff Puga's statutory and Constitutional rights, retaliation in violation of the Whistleblower Protection Act, and failure to allow Plaintiff to file complaints with LEA Human Resources Department created working conditions so intolerable that Plaintiff had no choice but to resign from his position even though Plaintiff Puga had received an exemplary performance evaluation." *Id.* ¶ 178.

Defendants request that the Court dismiss Count 6 because New Mexico has not waived immunity for constructive discharge claims, except when brought under the New Mexico Human Rights Act ("NMHRA"), NMSA § 28-1-1 *et seq.*, and Plaintiffs have not alleged the requisite protected status under the NMHRA. Plaintiff Puga responds that he "does not allege a violation of New Mexico's Human Rights Act, but, alleges a violation of New Mexico's Whistleblower Protection Act, the Constitution and laws of the United States and the Constitution and laws of the State of New Mexico." Pls.' Resp. 4, ECF No. 84. He incorporates his argument as to Counts 4 and 8 that Section 41-4-12 of the NMTCA waives immunity for deprivations of a plaintiff's constitutional rights to freedom of speech and association caused by law enforcement officers.

The Court concludes that Count 6 contains a WPA claim in which the alleged retaliatory act is Plaintiff Puga's constructive discharge. Defendants have not argued in their motion to dismiss that constructive discharge does not and cannot amount to an adverse action under the WPA; instead, Defendants argue that immunity has not been waived for "standalone constructive discharge claims against the State." Defs.' Reply 4, ECF No. 95. Because the New Mexico legislature has waived immunity for claims brought under the WPA, and this Court construes Count 6 as a claim brought under that Act, the Court will deny Defendants' request to dismiss Plaintiff Puga's WPA claim in Count 6 based on his alleged constructive discharge. *See* N.M. Stat. Ann. § 10-16C-4(A).

Additionally, in Count 6, Plaintiff Puga generally alleges "violations of Plaintiff Puga's statutory and Constitutional rights." Consolidated Compl. ¶ 178, ECF No. 25. Among other things, Plaintiff Puga contends that he continued to associate with Anthony Maxwell despite threats of termination if he did so. *See id.* ¶¶ 164-67. He also alleges that he "was placed under investigation by DPS without being given notice as required by state statute." *Id.* ¶ 176. In his

response, Plaintiff Puga contends that in Count 6 he alleges not only a violation of the WPA but of "the Constitution and laws of the United States and the Constitution and laws of the State of New Mexico." Pls.' Resp. 4, ECF No. 84. Asserting violations generally of the state and federal constitutions and state and federal law is too broad and amorphous to meet Plaintiff's notice pleading obligations under Rule 8 or to state a claim under Rule 12(b)(6). Other than the WPA claim, Plaintiff has not given Defendants sufficient notice of the claims upon which they must defend. Moreover, Plaintiff does not allege in Count 6 whether he is attempting to bring any such additional claims under the NMTCA or 42 U.S.C. § 1983 or both. Accordingly, the Court finds as a matter of law that Plaintiff Puga has only asserted a WPA claim in Count 6 for unlawful retaliation in the form of a constructive discharge. Any other claims he attempted to allege in Count 6 will be dismissed under Rule 8 and Rule 12(b)(6).[1]

### C. Count 13: Civil Conspiracy

"A civil conspiracy is a 'combination by two or more persons to accomplish an unlawful purpose or to accomplish a lawful purpose by unlawful means.'" *Seeds v. Lucero*, 2005-NMCA-067, ¶ 12, 137 N.M. 589 (quoting *Las Luminarias of the N.M. Council of the Blind v. Isengard*, 92 N.M. 297, 300, 587 P.2d 444, 447 (Ct. App. 1978)). To state a conspiracy claim, the plaintiff must show that (1) a conspiracy between two or more persons existed; (2) the defendants carried out specific wrongful acts pursuant to the conspiracy; and (3) the plaintiff was damaged as a

---

[1] The Court recognizes that Plaintiff Puga asserted a separate claim in Count 14 for "Deprivation of Constitutional Rights," and specifically asserted violations of his rights to freedom of speech and association. *See* Consolidated Compl. ¶¶ 262-268, ECF No. 25. Plaintiff Puga incorporated prior paragraphs, including those alleging he was constructively discharged in retaliation for his speech and association. *See id.* ¶ 262. The Court thus finds that Count 14 includes Plaintiff Puga's claim that he was constructively discharged in violation of his rights to free speech and association. In addition, Plaintiff Puga alleges in Count 7 a claim for "Violation of Due Process." *See* Consolidated Compl. ¶¶ 181-186. To the extent Plaintiff Puga attempted to allege a separate violation of due process in Count 6, he failed to properly do so.

result of such acts. *Id.* ¶ 18. A civil conspiracy by itself is not actionable unless a civil action in damages would lie against one of the conspirators. *Id.* "The purpose of a civil conspiracy claim is to impute liability to make members of the conspiracy jointly and severally liable for the torts of any of its members." *Id.* (quoting *Ettenson v. Burke*, 2001-NMCA-003, ¶ 12, 130 N.M. 67).

Plaintiffs assert in Count 13: "As detailed above Defendants Eden, Mooney, Medina, Jones and Shea *conspired* and undertook actions in furtherance thereof to retaliate against Plaintiffs Voiles, Maxwell, Puga and Gallegos *in violation of the Whistleblower Protection Act*." Consolidated Compl. ¶ 259, ECF No. 25 (emphasis added). Defendants contend that immunity has not been waived for civil conspiracy claims under state law and that Plaintiffs failed to state a claim for conspiracy under federal law given the complete absence of facts from which to discern any agreement between the Defendants or any actions taken in furtherance of any alleged conspiracy.

As an initial matter, the Court concludes that Count 13 does not allege a civil conspiracy claim under federal law, and if Plaintiffs were attempting to do so, the Court will dismiss any such conspiracy claim under federal law based on Rules 8 and 12(b)(6). With respect to Plaintiffs' civil conspiracy claim under state law, the NMTCA provides that a "governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by . . . Sections 41-4-5 through 41-4-12 NMSA 1978." N.M. Stat. Ann. § 41-4-4(A). Plaintiffs have not asserted that any exception within the NMTCA waives immunity for civil conspiracy claims. Instead, Plaintiffs argue that numerous claims in this case "assert an independent basis of liability" against the Defendants to support their conspiracy claim. Pls.' Resp. 5, ECF No. 84. Although the WPA allows an employee to bring an action against a "public employer that violates the provisions of the Whistleblower Protection

Act," the Act does not expressly permit an employee to bring an action against an employer for conspiring to violate the Act, rather than for committing the underlying tort itself. *See* N.M. Stat. Ann. § 10-16C-4(A). Plaintiffs nevertheless contend that the conspiracy count is necessary to "assess liability" if it is determined that any of the Defendants were acting outside the scope of their duties. Pls.' Resp. 5, ECF No. 84. The NMTCA, however, specifically grants "immunity from liability" unless specifically waived. Moreover, as a matter of law based on the allegations in the Consolidated Complaint, the Defendants acted within the scope of their duties within the meaning of the NMTCA when they took the alleged retaliatory employment actions about which Plaintiff complains. *Cf. Seeds*, 2005-NMCA-067, ¶¶ 7-16 (holding that acts of City Defendants allegedly in furtherance of conspiracy to cause plaintiffs financial harm by utilizing machinery of city government were within scope of authorized government duties as matter of law). Accordingly, the Court will dismiss Count 13.

### D. Count 15: Intentional Infliction of Emotional Distress

Defendants contend that there is no waiver of sovereign immunity for intentional infliction of emotional distress claims. Plaintiffs argue that the law enforcement exception in Section 41-4-12 of the NMTCA waives immunity for such claims.

The NMTCA retains governmental immunity for governmental entities and any public employees acting within the scope of their duties, except for eight enumerated classes of activity, including certain unlawful acts by law enforcement officers. *See* N.M. Stat. Ann. § 41-4-4; *Cole v. City of Las Cruces*, 1983-NMSC-007, ¶ 4, 99 N.M. 302 (1983). As to torts committed by law enforcement officers, the NMTCA waives immunity in the following circumstances:

> for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution,

> abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

N.M. Stat. Ann. § 41-4-12. To state a tort claim under the waiver of immunity set forth in Section 41-4-12, a plaintiff must show "that the defendants were law enforcement officers acting within the scope of their duties, and that the plaintiff's injuries arose out of either a tort enumerated in this section or a deprivation of a right secured by law." *Weinstein v. City of Santa Fe ex rel. Santa Fe Police Dep't*, 1996-NMSC-021, ¶ 7, 916 P.2d 1313.

The NMTCA does not waive the immunity of law enforcement officers for Plaintiffs' intentional infliction of emotional distress claim, because it is not expressly defined in the list of torts set forth in Section 41-4-12. *See Romero v. Otero*, 678 F.Supp. 1535, 1540 (D.N.M. 1987) (holding that NMTCA does not waive immunity of law enforcement officers for intentional infliction of emotional distress claim standing alone as common law tort). Although the NMTCA waives immunity for "personal injury," including emotional distress, it does so only for injury "resulting from" one of the expressly named torts or from a violation of a statutory right. *See Weinstein*, 1996-NMSC-021, ¶ 26 (citing *Romero*, 678 F.Supp. at 1540, with approval for proposition that claim of damages for intentional infliction of emotional distress, although not enumerated tort under Section 41-4-12, may be recoverable as personal injury damages arising from violation of statutory right). Because Plaintiffs' intentional infliction of emotional distress claim is not an enumerated tort and Plaintiffs do not assert a violation of any particular statutory right, Defendants are immune from suit for Plaintiffs' intentional infliction of emotional distress

claim and Count 15 must be dismissed.[2] This ruling, however, does not preclude Plaintiffs from recovering emotional distress damages arising from other claims for which immunity has been waived.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Counts 4, 6, 8, 13 and 15 of Plaintiffs' Consolidated Complaint (**ECF No. 78**) is **GRANTED IN PART and DENIED IN PART** as follows:

1. Defendants' request to dismiss Count 4 is **DENIED** as to Plaintiff Maxwell's claim he was wrongfully terminated in violation of the Whistleblower Protection Act, but is otherwise **GRANTED** as to any other claim he attempted to assert in Count 4.

2. Defendants' request to dismiss Count 6 is **DENIED** as to Plaintiff Puga's claim he was unlawfully constructively discharged in violation of the Whistleblower Protection Act, but is otherwise **GRANTED** as to any other claim he attempted to assert in Count 6.

3. Defendants' request to dismiss Count 8 is **DENIED** as to Plaintiff Gallegos' claim he was wrongfully terminated in violation of the Whistleblower Protection Act, but is otherwise **GRANTED** as to any other claim he attempted to assert in Count 8.

4. Defendants' request to dismiss Count 13 and Count 15 is **GRANTED**.

5. Count 13 and Count 15 are **DISMISSED** in their entirety.

_____
**UNITED STATES DISTRICT JUDGE**

---

[2] In light of this conclusion, the Court need not determine whether Plaintiffs have sufficiently alleged that these Defendants constitute "law enforcement officers" within the meaning of Section 41-4-12.